### KREY PACKING CO. v. AMERICAN BANK & TRUST CO.

#### (139 S. E., 465)

BANKS AND BANKING—DEPOSIT BY PURCHASER IN BANK TO SELLER'S CREDIT CREATED NO TRUST ON DEPOSIT BETWEEN BANK AND SELLER AFTER BANK WAS CLOSED.—Where seller of merchandise by telegram directed purchaser to deposit value of merchandise in bank to its credit, which instructions were followed, and deposit made in accordance therewith, the relation of debtor and creditor was created with no trust arising as to such funds after bank was closed.

Before DENNIS, J., Richland, December, 1926. Affirmed.

Action by the Krey Packing Company against the American Bank & Trust Company. Decree for defendant, and plaintiff appeals.

The decree of Judge Dennis, affirmed on appeal, is as follows:

"This was an action commenced by Krey Packing Company for the purpose of impressing with a trust the funds in the American Bank & Trust Company to the credit of this company and securing a preference over the ordinary depositors and creditors in said bank in the payment thereof. The facts are practically undisputed, and I find:

"(1) That Krey Packing Company had shipped to Tollison Flour & Feed Company, of Columbia, S. C., a carload

of food products and intended to ship it attaching a bill of lading to the draft for the money, but through error shipped it open or unconditional. On the 22d of June they sent a telegram to Tollison Flour & Feed Company, which is correctly set out in the complaint, and by this telegram directed Tollison Flour & Feed Company to deposit the value of this car, to wit, $1,525.80, in American Bank & Trust Company to the credit of Krey Packing Company.

"(2) At this time, Tollison Flour & Feed Company carried its banking account with American Bank & Trust Company and had to its credit in this bank more than sufficient to pay this amount.

"(3) It took the telegram to American Bank & Trust Company and delivered it to this bank, and at the same time drew its check on this bank, and the bank took the check on itself and opened an account with Krey Packing Company, entering the amount of this check to the credit of this company, in exact accordance with the telegraphic instructions given by Krey Packing Company. At the same time, and in accordance with the instructions of the telegram, American Bank & Trust Company wired Krey Packing Company, as set forth in the complaint, advising it of the deposit of the $1,525.80 to its credit.

"(4) The bank continued to do business until and including June 25, 1926, and failed to open on the 26th of June; was placed in the hands of the State Bank Examiner first, and subsequently in the hands of James E. Peurifoy, as receiver.

"(5) The complaint claims that this fund was intended to be transmitted promptly to Krey Packing Company; but there is nothing in the telegraphic correspondence, which was all the information the bank appears to have had, indicating this.

"(6) My conclusion is that the instructions of Krey Packing Company were complied with fully and literally, and that the relation existing between Krey Packing Com-

pany and American Bank & Trust Company at the time it ceased to do business was that of debtor and creditor, and that there is no trust arising in this case. I think the case is covered by the principles announced in *Citizens' Bank v. Bradley*, 136 S. C.; 511; 134 S. E., 512, etc., recently decided by the Supreme Court of this State.

"No new money came into the bank; its assets were not increased, and there is nothing to earmark or distinguish this fund, or to make the cases, especially *Yeldell v. People's Bank*, 118 S. C., 442; 110 S. E., 789, etc., relied on by the complainant, applicable.

"For the foregoing reasons, it is ordered and decreed that the complainant, Krey Packing Company, is entitled to no preference and its action be dismissed with costs to be taxed according to law."

*Messrs. Graydon & Graydon*, for appellant, cite: *Money deposited by appellant with respondent impressed with trust in favor of former:* 60 S. C., 126; 118 S. C., 442. *When bank insolvent:* 81 S. C., 244. *Bank a trustee ex maleficio in case at bar and held deposit subject to right of reclamation by depositor:* 59 Fed., 233; 13 L. R. A. (N. S.), 185. *Cases distinguished:* 136 S. C., 516; 15 Fed. (2nd), 586.

*Messrs. D. W. Robinson* and *D. W. Robinson, Jr.*, for respondent, cite: *Case of debtor and creditor; controlled by:* 136 S. E., 515–517; 24 A. L. R., 1148; 13 Fed. (2nd), 330; 15 Fed. (2nd), 586; 12 Fed. (2nd), 893.

September 27, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The judgment of the Circuit Court is affirmed for the reasons stated in the decree of his Honor, Judge Dennis.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN and CARTER concur.

MR. JUSTICE BLEASE disqualified.